IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|                                   |   |                          |
|-----------------------------------|---|--------------------------|
| **UTILITY LINE SERVICES, INC.,**  | * |                          |
| **Plaintiff,**                    | * |                          |
| v.                                | * | Case No.: PWG-12-3438    |
| **WASHINGTON GAS LIGHT COMPANY,** | * |                          |
| **Defendant.**                    | * |                          |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion and accompanying Order address Defendant Washington Gas Light Company's ("Washington Gas") Motion to Dismiss Count II and Count III of Plaintiff's Complaint, ECF No. 6, Plaintiff Utility Line Services, Inc.'s ("Utility Line") Opposition to Defendant's Motion to Dismiss, ECF No. 10; and Defendant's Reply, ECF No. 17; Plaintiff's Motion to Dismiss Count II and Count IV of Defendant's Counterclaim, ECF No. 12, and accompanying Memorandum in Support, ECF No. 13; Defendant's Opposition to Plaintiff's Motion to Dismiss, ECF No. 18; and Plaintiff's Reply, ECF No. 21. This Memorandum Opinion and Order also address Plaintiff's Motion to Strike Defendant's Affirmative Defenses, ECF No. 14, and accompanying Memorandum in Support, ECF No. 15; Defendant's Opposition to Plaintiff's Motion to Strike Affirmative Defenses, ECF No. 19; and Defendant's Motion for Leave to File Amended Answer and Counterclaim, ECF No. 20. Plaintiff has not filed a reply to its Motion to Strike Affirmative Defenses; nor has it filed an opposition to Defendant's Motion for Leave to Amend. The time for doing so has passed, *see* Loc. R. 105.2.a, and a hearing is not

necessary, *see* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion to Dismiss Count II and Count III of Plaintiff's Complaint is DENIED; Plaintiff's Motion to Dismiss Count II and Count IV of Defendant's Counterclaim is DENIED, in part, and GRANTED, in part; Plaintiff's Motion to Strike Affirmative Defenses is DENIED, as MOOT; and Defendant's Motion for Leave to File Amended Answer and Counterclaim is GRANTED, in part, and DENIED, in part.

## I. BACKGROUND

By way of background, on November 21, 2012, Plaintiff brought suit against Defendant, alleging breach of contract, unjust enrichment/breach of implied-in-law contract, and breach of the statutory duty to make prompt payment pursuant to Md. Code Ann., Real Prop. § 9-302. *See* Compl. ¶¶ 17–32. Plaintiff's claims stem from a construction project and Master Construction Agreement ("Agreement") executed between the parties on April 19, 2007. *Id.* ¶¶ 5–6. Specifically, Defendant "contracted to pay [Plaintiff] for its services" on the project, which involved, "*inter alia*, the managing, scheduling, and performance" of natural gas pipeline construction work for Defendant, including "pipeline maintenance and replacement work, market enhancement, and new construction of gas facilities." *Id.* Plaintiff alleges that although it completed all of the work required for the project, as well as additional repair work that arose after Plaintiff "struck an 8 [inch] natural gas pipeline while installing a shoring system in an excavation,"[1] Defendant has refused to pay it the amount owed under the contract and for the repair work authorized by Defendant. *Id.* ¶¶ 7–16.

---

[1] The cause of this rupture is disputed. Plaintiff asserts that it struck the pipeline as a result of mismarking by a third entity, UtiliQuest. Compl. ¶¶ 12–13. Defendant claims that the rupture was caused by Plaintiff's negligence. Ans. & Countercl. ¶¶ 15–23, ECF No. 7.

In response to Plaintiff's suit, Defendant filed the pending Motion to Dismiss, an Answer to Count I, asserting sixteen affirmative defenses, as well as a Counterclaim. *See* Ans. & Countercl. Defendant alleges that Plaintiff's work under the Agreement was unsatisfactory, that Plaintiff's unsatisfactory work caused Defendant damages, and that, pursuant to the Agreement, Defendant is permitted to "withhold payment for any [u]nacceptable [w]ork." *Id.* ¶¶ 11–29. Thus, Defendant seeks relief under four theories of liability: breach of contract, contractual indemnification, negligence, and punitive damages. *Id.* ¶¶ 30–49.

On December 21, 2012, Defendant moved to dismiss Count II and Count III of Plaintiff's Complaint. Def.'s Mot. to Dismiss 2. Defendant argues that Count II, the claim for unjust enrichment/breach of implied-in-law contract, must be dismissed "because Plaintiff alleges the existence of an express contract between the parties" and that Count III, the claim pursuant to the Maryland Prompt Pay Act, must be dismissed because Plaintiff failed to allege that the construction project was "for or about a building" and failed to plead factual support showing that the amounts due are undisputed. *Id.* at 3–7. In opposition, Plaintiff argues first that it "may plead both a breach of express contract and breach of implied contract in the alternative where the existence of a contract . . . may be in dispute" and second, that it has sufficiently pleaded that it is a permissible claimant under the Maryland Prompt Pay Act. Pl.'s Opp'n to Def.'s Mot. to Dismiss 7.

On January 14, 2013, Plaintiff moved to Dismiss Count II and Count IV of Defendant's Counterclaim, arguing first that Count II, the claim for contractual indemnification, is duplicative of and subsumed by the breach of contract claim. Pl.'s Mem. in Supp. of Mot. to Dismiss 3–4. Plaintiff asserts, with regard to Count IV, that punitive damages are a category of damages and not a separate and cognizable cause of action. *Id.* at 4. With its Motion to Dismiss, Plaintiff also

filed a Motion to Strike Defendant's Affirmative Defenses. Specifically, Plaintiff argues that "affirmative defenses are governed by the same pleading standard as complaints," and moves to strike the "laundry list" of "bare legal conclusions" asserted by Defendant. Pl.'s Mem. in Supp. of Mot. to Strike 4–9.

In response to Plaintiff's motions, Defendant moved for leave to amend its Answer and Counterclaim. Def.'s Mot. for Leave to File Am. Ans. & Countercl. Defendant's purpose for amending "is two-fold"—that is, Defendant "seeks to address [Plaintiff]'s concerns regarding the factual support for [Defendant]'s affirmative defenses" and "seeks to address [Plaintiff]'s concerns regarding [Defendant]'s punitive damages claim." *Id.* at 2. Defendant states that it can "plead facts supporting each of the affirmative defenses" and seeks to collapse its claim for punitive damages into the existing count for negligence. *Id.* Plaintiff does not oppose Defendant's attempt to amend its affirmative defenses.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## III.  DISCUSSION

The Court will address each pending motion in turn.

### a.  Defendant's Motion to Dismiss

At the outset, Defendant's Motion to Dismiss simply is without merit. The law is clear that while a plaintiff "may not recover under both contract and quasi-contract theories," a plaintiff may plead both contract and quasi-contract claims in the alternative "where the existence of a contract concerning the subject matter is in dispute." *See, e.g.*, *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002). In support of its Motion to Dismiss, Defendant argues that the existence of a contract is not in dispute here and that the express contract between the parties, namely, the Agreement, precludes Plaintiff from pleading both theories. Def.'s Reply to Mot. to Dismiss 2–4. At the motion to dismiss stage, the Court accepts all well-pleaded facts as true, *see Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011), and Plaintiff claims that the Agreement is in dispute and that portions of the work Plaintiff performed "may be deemed outside the original scope of work or extra-contractual," Pl.'s Opp'n to Mot. to Dismiss 3–4. Moreover, Defendant's assertions to the contrary create the epitome of a factual dispute not to be determined at this early stage of litigation. *See Horlick v. Capital Women's Care, LLC*, 896 F. Supp. 2d 378, 394 (D. Md. 2011) ("The construction of a contract is a question of fact which, if disputed, is not susceptible of

5

resolution under a motion to dismiss for failure to state a claim.") (internal quotation marks omitted). The parties disagree as to their respective contractual liability, and as such, Plaintiff is not precluded from asserting quasi-contract claims in the alternative. *See, e.g.*, *Hoang v. Georgetown Contractors, Inc.*, Civil No. AW-10-2117, 2010 WL 4485729, at *3 (Nov. 9, 2010); *MTBR LLC v. D.R. Horton, Inc.*, Civil No. RDB-07-3363, 2008 WL 3906768, at *12 (D. Md. Aug. 22, 2008). Defendant's Motion to Dismiss Count II is DENIED.

Defendant also moves to dismiss Count III of Plaintiff's Complaint and in support, states that Count III is "devoid of reference to any actual events supporting a claim under the [Maryland Prompt Pay] Act" because it does not allege that the work performed pursuant to the Agreement was "for or about a building." Def.'s Mot. 5–7. Again, Defendant's argument is without merit, as revealed by a reading of the statute. The Maryland Prompt Pay Act states that a "contract means an agreement of any kind or nature, express or implied, for doing work or furnishing materials, or both, for or about a building." Real Prop. § 9-301(b)(1). Specifically, a contract includes agreements for:

> (i) The erection, repair, rebuilding, or improvement of a building; (ii) The drilling and installation of wells to supply water; (iii) The construction or installation of any swimming pool or fencing; (iv) The grading, filling, landscaping, and paving of the premises; (v) The installation of waterlines, sanitary sewers, storm drains, or streets; or (vi) The erection, repair, rebuilding, or improvement of a wharf.

*Id.* § 9-301(b)(2). Here, Plaintiff pleaded that the work performed pursuant to the Agreement included "pipeline maintenance and replacement work, market enhancement, and new construction of gas facilities in Montgomery County, Maryland." Compl. ¶ 5. It is quite true that Maryland courts have never defined what exactly the phrase "for or about a building" includes, and Defendant's argument to this effect only bolsters Plaintiff's assertion that "[w]hether or not the work satisfied the definition 'for or about a building' should turn on the

facts of the case after the conclusion of discovery, and not be determined at this early stage in the pleadings." Pl.'s Opp'n to Mot. to Dismiss 9. In support of dismissal, Defendant cites to a case in which Chief Judge Chasanow granted a motion to dismiss for failure to state a claim where Plaintiff failed to plead any allegations of a building. Def.'s Mot. to Dismiss 6. In so holding, Chief Judge Chasanow wrote that the word "building" means "'an erection intended for use and occupancy as a habitation or for some purpose of trade, manufacture, or ornamental use, such as a house, store or church.'" *Jaguar Techs., Inc. v. Cable-La, Inc.*, 229 F. Supp. 2d 453, 456 (D. Md. 2002) (quoting *Freeform Pools, Inc. v. Strawbridge Home for Boys, Inc.*, 228 Md. 297, 301 (1962)). Notwithstanding the fact that Chief Judge Chasanow's opinion interprets the Maryland Mechanics' Lien Statute and not the Maryland Prompt Pay Act at issue here, the contract attached to the Complaint[2] states, *inter alia*, that the work includes "[n]ew construction" and the "installation, construction, maintenance, replacement and/or abandonment of natural gas pipelines and related appurtenances, from receipt of the Job Authorization to the gassing out of facilities, including . . . coordination with customers, builders, [and] property owners." Master Construction Agreement, Compl. Ex. A, ECF No. 1-1. Given the lack of definition within the statute as well as the factual specificity within Plaintiff's Complaint, Plaintiff shall be afforded the benefit of discovery, as a full factual record will assist the Court in resolving whether the work performed under the contract falls within the purview of the Maryland Prompt Pay Act. As such, Defendant is not precluded from reasserting its argument after the completion of discovery.

Defendant makes a final argument that "Count III is insufficiently plead[ed] also because Plaintiff makes only unsupported, conclusory allegations that the claimed amounts due are undisputed, and that [Defendant] acted in bad faith." Def.'s Mot. to Dismiss 6–7 (internal

---

[2] Defendant admits that this document is a "true and accurate copy" of the contract at issue.

7

quotation marks omitted). However, a showing of bad faith and that the amounts due are undisputed is not required for recovery under the Maryland Prompt Pay Act—rather, they simply are elements that permit the court to award attorney's fees to the prevailing party. *See* Real Prop. § 9-303(b). The remedies provision of the Prompt Pay Act states that: "If a court determines that an owner, contractor, or subcontractor has acted in bad faith by failing to pay any undisputed amounts owed as required under § 9-302 of this subtitle, the court may award to the prevailing party reasonable attorney's fees." Thus, the determination of whether Plaintiff should be awarded attorney's fees, should it prevail, is one best made after the conclusion of discovery or upon resolution of the underlying claims at issue. Again, Defendant is not precluded from reasserting its argument at a later date. Defendant's Motion to Dismiss Count III is hereby DENIED.

### b. Plaintiff's Motion to Dismiss Defendant's Counterclaim

On January 14, 2013, Plaintiff filed a Motion to Dismiss Count II and Count IV of Defendant's Counterclaim. Pl.'s Mot. to Dismiss. As to Count II, "contractual indemnification," Plaintiff argues that the count is "entirely duplicative with and subsumed by" Defendant's breach of contract claim. Pl.'s Mem. in Supp. of Mot. to Dismiss 3. Specifically, Plaintiff points out that the indemnity provision Defendant relies on is incorporated within the Agreement and states that "Count II does nothing further to differentiate this specific breach allegation under the Master Construction Agreement from those already identified" in Defendant's claim for breach of contract. *Id.* In opposition, Defendant notes that the claims are not identical, argues that Plaintiff's Motion to Dismiss Count II as redundant should be viewed as a motion to strike, and

asserts that it should be denied because Plaintiff has failed to allege any prejudice.[3] Def.'s Opp'n to Pl.'s Mot. to Dismiss 3. Though finding no merit to Defendant's arguments in opposition, Plaintiff's Motion to Dismiss Count II nonetheless is DENIED, for the reasons stated below.

To begin, it must be noted that Count I of Defendant's Counterclaim seeks relief for Plaintiff's alleged breach of contract. Ans. & Countercl. ¶¶ 30–33. Specifically, Defendant claims that Plaintiff failed to perform work in compliance with Defendant's manual, applicable laws, and industry standards and practice; damaged Defendant's underground facilities; and failed to submit invoices properly. *Id.* Nowhere in this cause of action does Defendant mention the indemnity provision within the Agreement. *See id.* Seemingly, Plaintiff fails to recognize that, under Maryland law, a cause of action for indemnity exists separate and apart from a breach of contract action.[4] *See* Paul Mark Sandler & James K. Archibald, Pleading Causes of Action in Maryland 966–97 (5th ed. 2013). A reading of Defendant's Counterclaim suggests that Defendant is not suing Plaintiff for failing to indemnify, thereby breaching the indemnity provision of the Agreement, but rather, is suing Plaintiff for indemnification stemming from the indemnity provision within that Agreement. Though subtle, the difference is there. Thus, the Court will determine whether Defendant has pleaded sufficiently a cause of action for indemnification. *See* Fed. R. Civ. P. 1.

Briefly, there are three circumstances from which a right to indemnity arises in Maryland. *Pulte Home Corp. v. Parex, Inc.*, 942 A.2d 722, 730 (Md. 2008). These three circumstances are:

---

[3] Defendant also makes a non-substantive argument that by filing an Answer to the count for indemnification, Plaintiff "effectively admits that [Defendant] has stated a plausible claim of breach of contract in both counts." Def.'s Opp'n to Pl.'s Mot. to Dismiss 3. The Court need not address this argument.

[4] It is not clear that Defendant recognizes this either, as its Opposition refers to Count II as a claim for breach of contract. Def.'s Opp'n to Pl.'s Mot. to Dismiss 3.

(1) "express contractual indemnity, in which an indemnitor, by express contract, agrees to reimburse the indemnitee for a liability, loss, or damage"; (2) indemnity by implication or, implied indemnity, which "may arise from a special relationship between the parties, usually contractual in nature, or from a course of conduct"; and (3) tort indemnity, which "may exist between persons liable for a tort." *Id.* at 730–31. Here, an indemnity provision exists as a part of the Agreement and thus, Defendant's claim falls within the express contractual indemnification category.

To "recover under an express contract of indemnity, the plaintiff must show that: (1) There was an agreement by one party to indemnity the other party . . . and (2) The occurrence which was indemnified against happened." Sandler & Archibald, Pleading Causes of Action in Maryland 966. Indemnity against loss or damage becomes fixed, or accrues, "when the payment has been made or [the indemnitee has] suffered an actual loss or damage within the scope of the indemnity." *Pulte Home Corp.*, 942 A.2d at 730. Indemnity against liability, on the other hand, "may be brought as soon as the liability is legally imposed." *Id.* Here, Plaintiff and Defendant admit the existence the indemnity provision within the Agreement, thereby satisfying the first element. *See* Compl. ¶ 6; Ans. & Countercl. ¶ 6. As to the second element, the Agreement appears to indemnify Defendant against loss or damage as well as liability. *See* Master Construction Agreement 18. To that end, Defendant has pleaded that as a result of Plaintiff's alleged "negligent and wrongful acts and omissions," including damaging underground facilities at the Dale Avenue and Clarksburg projects, Defendant suffered monetary damages totaling not less than $301,000. *See* Ans. & Countercl. ¶¶ 11–23, 34–37. Defendant states, specifically, that as a result of Plaintiff's alleged negligent conduct and violation of applicable safety laws, it had to repair the damaged underground facilities and also received a $50,000 fine from the Maryland

10

Public Service Commission, which it paid. *Id.* Defendant has pleaded a cause of action for express contractual indemnification. Plaintiff's Motion to Dismiss Count II is DENIED.

Next, as to Plaintiff's Motion to Dismiss Count IV, for punitive damages, the law is quite clear that as both a matter of federal and Maryland state law, "[t]here is no separate cause of action for punitive damages apart from an underlying cause of action upon which punitive damages can be grounded." *Biggs v. Eaglewood Mortg., LLC*, 852 F. Supp. 2d 707, 710 n.5 (D. Md. 2008); *accord Beverly v. Vitran Exp., Inc.*, No. CCB-12-1599, 2012 WL 3772579, at *3 (D. Md. 2012); *Mason v. Bd. of Educ.*, Civil No. WMN-10-3143, 2011 WL 89998, at *2 n.3 (D. Md. Jan. 11, 2011); *Exxon Corp. v. Yarema*, 516 A.2d 990 (Md. Ct. Spec. App. 1986). Defendant does not oppose Plaintiff's Motion on this ground, but rather, seeks leave to amend its Counterclaim and incorporate the request for punitive damages into Count III, its negligence claim. *See* Def.'s Opp'n to Pl.'s Mot. to Dismiss 5–6. As no separate cause of action for punitive damages exists, Plaintiff's Motion to Dismiss Count IV is GRANTED. The merits of Defendant's Motion for Leave to Amend are discussed below.

    **c. Plaintiff's Motion to Strike**

Plaintiff also has filed a Motion to Strike Defendant's Affirmative Defenses. Pl.'s Mot. to Strike. In it, Plaintiff contends that the pleading standard articulated by *Twombly* and *Iqbal* applies to affirmative defenses and argues that Defendant's "laundry list of possible affirmative defenses," without any factual allegations to suggest that they apply here, are impermissible and should be stricken. *See id.* at 6–9. In support, Plaintiff states accurately that although the Fourth Circuit has never decided this issue, this Court recently has "applied the plausibility standard to affirmative defenses." *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010); *accord Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md.

2012); *Aguilar v. City Lights of China Rest., Inc.*, Civil No. DKC-11-2416, 2011 WL 5118325, at *3–4 (D. Md. Oct. 24, 2011) (stating that "although *Twombly* and *Iqbal* specifically addressed the sufficiency of a complaint under Rule 8(a), the Court likely did not intend to confine its holdings to complaints alone"); *Barry v. EMC Mortg.*, Civil No. DKC-10-3120, 2011 WL 4352104, at *3 (D. Md. Sept. 15, 2011). That said, it must be noted that some courts within the Fourth Circuit have declined to apply the plausibility standard to affirmative defenses. *See, e.g.*, *Amason v. PK Mgmt.*, Civil No. 3:10-1752-MJP-JRM, 2011 WL 1100211, at *8 (D.S.C. Mar. 1, 2011); *Lopez v. Asmar's Mediterranean Food, Inc.*, Civil No. 1:10cv1218, 2011 WL 98573, at *2 (E.D. Va. Jan. 10, 2011). In the interest of judicial economy, the Court need not decide whether *Twombly* and *Iqbal* apply to Defendant's affirmative defenses. Indeed, Defendant wisely has moved for leave to amend its affirmative defenses and plead facts in support of each. *See* Def.'s Mot. for Leave to Amend 2. Thus, Plaintiff's Motion to Strike is hereby DENIED as MOOT. *See Hammer v. Peninsula Poultry Equip. Co., Inc.*, Civil No. RDB-12-1139, 2013 WL 97398, at *5–6 (D. Md. Jan. 8, 2013) (denying as moot motions to strike where party amended answer to cure factually deficient affirmative defenses)

### d. Defendant's Motion for Leave to Amend Answer and Counterclaim

As mentioned, Defendant has moved for leave to amend both its Answer and Counterclaim. As to its Answer, Defendant states that "no defenses were added or removed" and that it seeks to add a "short and plain statement of the factual support" for each affirmative defense asserted. Def.'s Mot. for Leave to Amend 2. As to the Counterclaim, Defendant "seeks to collapse its previous Count IV into the existing Count III, [n]egligence, to address the contention that punitive damages are an element of recovery, not a separate cause of action." *Id.* Although Plaintiff has not filed an opposition to Defendant's Motion for Leave to Amend,

Plaintiff appears to incorporate an opposition in its Reply to its original Motion to Dismiss. *See* Pl.'s Mot. to Dismiss 4–8. Specifically, Plaintiff asserts that Defendant's proposed Amended Counterclaim fails to establish that Plaintiff acted with "actual malice," as required under Maryland law. *See* Pl.'s Reply to Mot. to Dismiss 4. Plaintiff does not oppose the amendment of Defendant's affirmative defenses.

Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013); *see Forman*, 371 U.S. at 182 (stating that the court also may deny leave if the plaintiff has amended more than once already without curing the deficiencies in the complaint); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Otherwise, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," and the plaintiff moves to amend, the Court should grant the motion so that the plaintiff has the "opportunity to test his claim on the merits." *Forman*, 371 U.S. at 182.

Here, Defendant seeks to amend its answer and provide factual support for its asserted affirmative defenses. *See* Def.'s Mot. for Leave to Amend 2. Plaintiff has not made a showing of prejudice, has not suggested that Defendant acts in bad faith, and has not argued that Defendant's amendment would be futile. Defendant's Motion for Leave to Amend its affirmative defenses is GRANTED.

The inquiry, however, is not quite as simple with regard to Defendant's attempt to amend its Counterclaim. Plaintiff argues that Defendant's amendment in this regard would be futile

because the Amended Counterclaim "pleads no facts plausibly showing actual malice," as is required to recover punitive damages in a Maryland tort action. Pl.'s Reply to Mot. to Dismiss 4–8. Notably, determining whether amendment would be futile does not involve "'an evaluation of the underlying merits of the case.'" *MTB Servs.*, 2013 WL 1819944, at *3 (quoting *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, No. CCB–11–0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012)). Rather, "the merits of the litigation" are only relevant to the Court's ruling on a motion for leave to amend if "a proposed amendment may clearly be seen to be futile," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), such as "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat. Gaming Inc.*, 637 F .3d 462, 471 (4th Cir. 2011); *see MTB Servs.*, 2013 WL 1819944, at *3. To that end, because Plaintiff challenges the plausibility of Defendant's request for punitive damages, a brief analysis of the merits of Defendant's negligence claim is warranted.

Defendant's claim for negligence stems from a June 23, 2011 incident during which Plaintiff pierced and damaged an underground natural gas pipeline. *See* Ans. & Countercl. ¶¶ 15–23, 38–42. Defendant seeks punitive damages in relation to this incident. Importantly, "[a] party who seeks punitive damages, 'must make a specific demand for that relief in addition to a claim for damages generally, as well as allege, in detail, facts that, if proven true, would support the conclusion that the act complained of was done with "actual malice."'" *Louers v. Lacy*, Civil No. JKS-10-2292, 2011 WL 2434579, at *3 (D. Md. June 15, 2011) (quoting *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 296 (D. Md. 2005) (quoting *Scott v. Jenkins*, 690 A.2d 1000 (Md. 1997))). "Actual malice" is "'the performance of an unlawful act, intentionally or wantonly, without legal justification or excuse but with an evil or rancorous

14

motive influenced by hate; the purpose being to deliberately and wilfully [sic] injure the plaintiff.'" *Beverly v. Vitran Exp., Inc.*, Civil No. CCB-12-1599, 2012 WL 3772579, at *3 (D. Md. 2012) (quoting *Drug Fair of Md., Inc. v. Smith*, 283 A.2d 392, 398 (1971)). Indeed, the Maryland Court of Appeals has stated clearly that "'negligence alone, no matter how gross, wanton or outrageous, will not' satisfy the actual malice standard." *Robinson v. Cutchin*, 140 F. Supp. 2d 488, 495 (D. Md. 2001) (quoting *Owens-Illinois, Inc. v. Zenobia*, 235 Md. 420, 462 (1992)).

As noted, Defendant specifically seeks punitive damages—first as a separate cause of action and now as a request for relief incorporated within its negligence claim. *See* Ans. & Countercl. ¶¶ 43–49; Am. Ans. & Countercl. ¶¶ 43–49, Def.'s Mot. for Leave to Amend, Ex. A, ECF No. 20-1. In support, Defendant alleges that "[Plaintiff]'s conduct was without justification or excuse in the applicable safety requirements or industry standards and practice." Def.'s Opp'n to Pl.'s Mot. to Dismiss 7. Further, Defendant asserts that Plaintiff had previous knowledge of the location of the underground pipeline and therefore, "knew it was mechanically driving the rail right above" it. *Id.* at 8. In short, Defendant claims that Plaintiff's knowledge of the location of the pipeline and decision to drill there anyway amounts to a "consciousness of wrongdoing" sufficient to demonstrate Plaintiff's "evil motive." *Id.* The Court disagrees—Defendant has failed to plead facts which suggest that Plaintiff struck the underground pipeline intentionally and "with an evil or rancorous motive influenced by hate." *See, e.g.*, *Beverly v. Vitran Exp., Inc.*, Civil No. CCB-12-1599, 2012 WL 3772579, at *5 (D. Md. Aug. 28, 2012) (holding that complaint alleging truck driver made illegal U-turn across multiple lanes of a busy highway, while talking on a cell phone did not allege facts to support actual malice); *Novara v. Mfrs. & Traders Trust Co.*, Civil No. ELH-11-736, 2011 WL 3841538, at *12 (D. Md. Aug. 26, 2011)

(finding it "abundantly clear" that plaintiff has not alleged facts to show actual malice where plaintiff contends defendant "knowingly, intentionally, and with malice, disregarded its fiduciary duty"); *Dow v. Jones*, 232 F. Supp. 2d 491, 497–98 (D. Md. 2002) (finding no actual malice where plaintiff's complaint states that "the defendants made intentional misrepresentations" and that the misrepresentations and incompetence amounted to actual malice sufficient to justify punitive damages). Indeed, Defendant pleads merely that Plaintiff drove "a metal rail directly over" the pipeline—it does not even allege that Plaintiff intentionally drove a metal rail directly *into* the pipeline. Indeed, Defendant has cited no case law, and the Court has not been able to locate any independently, which support Defendant's argument that actual malice exists when an actor violates "applicable safety requirements or industry standards and practice" without excuse or justification. *See* Def.'s Opp'n to Pl.'s Mot. to Dismiss 7. Defendant's passing comment in a footnote that "[d]iscovery will reveal [Plaintiff]'s precise motivation for knowingly breaking the Miss Utility Law, which may have resulted from a souring business relationship between the parties," does not save Defendant's factually deficient claim for punitive damages. *See id.* at 9 n.3. Defendant's Amended Counterclaim fails, on its face, to plead facts which would suggest that Plaintiff acted with actual malice and as such, Defendant's attempt to amend its Counterclaim would be futile.[5] *See Katyle*, 637 F .3d at 471. Defendant's Motion for Leave to Amend its Counterclaim is DENIED.

## IV. CONCLUSION

Wherefore, for the reasons stated herein, Defendant's Motion to Dismiss Count II and Count III is DENIED. Plaintiff's Motion to Dismiss Count II and Count IV of Defendant's

---

[5] This determination is underscored by the fact that Defendant attempts to incorporate its request for punitive damages into its negligence claim. Within that very count, Defendant asserts that Plaintiff "was negligent in that it failed to exercise reasonable care during the excavation of underground facilities." Am. Ans. & Countercl. ¶ 40.

Counterclaim is DENIED, in part and GRANTED, in part.  Count IV of Defendant's Counterclaim is DISMISSED.  Plaintiff's Motion to Strike Affirmative Defenses is DENIED, as MOOT.  Defendant's Motion for Leave to File Amended Answer and Counterclaim is GRANTED, in part and DENIED, in part.  Defendant is GRANTED leave to amend its affirmative defenses but not its Counterclaim.

       A separate Order shall be issued concurrently with this Memorandum Opinion.

Dated: July 9, 2013                  _____/s/_____
                                                             Paul W. Grimm
                                                              United States District Judge

mol